UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ONE 2010 JEEP WRANGLER (VIN: 1J4HA5H11AL221613), ONE 2009 NISSAN 370Z (VIN: WAUFAFL8AA172602); $20,000 in UNITED STATES CURRENCY<br><br>　　　　　　　Defendants *in rem*. | Civ. No. 2:13-6099 (KM)<br><br>**DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE** |

**THIS MATTER** having been opened to the Court by Plaintiff, the United States of America, on a Motion for Default Judgment, Docket No. 7; and Peter W. Gaeta, Assistant United States Attorney having filed a Declaration in Support of Default Judgment and Final Order of Forfeiture (Docket No. 7-1), including a copy of the Verified Complaint for Forfeiture *In Rem*, Warranty for Arrest *In Rem*, and Notice of Forfeiture (Exhibit A) and the Declaration of Publication and Advertisement Certification Report of the Notice of Civil Forfeiture (Exhibit B); and the Court having considered the moving papers and the entire case file; and

**IT APPEARING** that on October 11, 2013, a Verified Complaint for Forfeiture *In Rem* was filed in this Court against the defendant property, namely one 2010 Jeep Wrangler, VIN: 1J4HA5H11AL221613, one 2009 Nissan 370Z, VIN: WAUFAFL8AA172602, and $20,000 in United States currency seized from Safe Deposit Box #308 at Hudson City Savings Bank, 577 Lakehurst Road, Toms River, New Jersey to enforce to provisions of 21 U.S.C. Section 881(a)(4), which subjects to forfeiture to the United States all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale receipt, possession, or concealment of a controlled dangerous substance in violation of 21 U.S.C. Section 801, *et seq.*, and/or 21 U.S.C. 881(a)(6), which

1

subjects to forfeiture all moneys, negotiable instruments, securities, and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. Section 801, *et seq.*, and all proceeds traceable to such an exchange; and

**IT APPEARING** that, pursuant to the Warrant for Arrest *In Rem* issued by the Clerk of the Court on October 15, 2013, the United States Marshal Service seized the defendant property; and

**IT APPEARING** that a letter of representation and administrative claim was received from Thomas V. Campo, Esq. (of The Law Offices of Jonathan F. Marshall, 157 Broad St., Suite 111, Red Bank, New Jersey 07701), on behalf of potential claimaint Tyler Sargent, regarding the forfeiture of the defendant property; and

**IT APPEARING** that on October 22, 2013, the United States sent the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and a Notice of Forfeiture by certified mail, return receipt requested to potential claimant Tyler Sargent, c/o his attorney Thomas V. Campo, Esq.; and

**IT APPEARING** that on October 24, 2013, the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and Notice of Forfeiture were received by potential claimant Tyler Sargent, c/o his attorney Thomas V. Campo, Esq.; and

**IT APPEARING** that the Notice of Forfeiture, Docket No. 3, stated that a claim had to be filed no later than November 26, 2013 in order to contest the forfeiture; and

**IT APPEARING** that notice of Civil Forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least 30 consecutive days, beginning on September 19, 2013, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; and

**IT APPEARING** that, in order to avoid forfeiture of the defendant property, any person claiming an interest in, or right against, the defendant property must file a claim under penalty of perjury identifying the specific property claimed, identifying the claimant and stating the claimant's interest in the property in the manner set forth in Rule G(5) of the Supplemental Rules for

Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure and 18 U.S.C. Section 983(a)(4)(A), except that in no event may such claim be filed later than 60 days after the first day of publication on the above-referenced official government internet website, and having filed such a claim, must also file an answer to the complaint not later than 20 days after the filing of the claim; and

**IT APPEARING** that no claim has been filed by any person within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure for the defendant property in this matter;

**IT IS** this 30th day of January 2014,

**ORDERED and ADJUDGED** that a Default Judgment and Final Order of Forfeiture is granted against the defendant property—one 2010 Jeep Wrangler, VIN: 1J4HA5H11AL221613, one 2009 Nissan 370Z, VIN: WAUFAFL8AA172602, and $20,000 in United States currency seized from Safe Deposit Box #308 at Hudson City Savings Bank, 577 Lakehurst Road, Toms River, New Jersey, and no right, title, or interest in the defendant property shall exist in any other party; and it is further

**ORDERED AND ADJUDGED** that any and all forfeited funds, including but not limited to currency, currency equivalents, and certificates of deposits, as well as any income derived as a result of the United States Marshal Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Marshal Service into the Department of Justice Asset Forfeiture Fund, in accordance with the law.

_____
**KEVIN MCNULTY**
**United States District Judge**